UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STELLA M.,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, Commissioner of Social Security,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:22-cv-00109-AHG<br><br>**ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)**<br><br>**[ECF No. 34]** |

Before the Court is Plaintiff's counsel's amended motion for attorney fees pursuant to 42 U.S.C. § 406(b). ECF No. 34. For the reasons set forth below, the Court **GRANTS** the motion.

**I.   BACKGROUND**

Plaintiff Stella M. ("Plaintiff") filed this action on January 27, 2022, seeking review of the Commissioner of Social Security's ("Commissioner" or "Defendant") denial of her application for social security disability and supplemental security income benefits. ECF No. 1. The parties consented to proceed before a Magistrate Judge. ECF Nos. 16, 19, 21. The administrative record was filed on August 30, 2022. ECF No. 22. The Court set a

scheduling order, requiring that a Joint Status Report regarding settlement discussions be filed by October 28, 2022, and a Joint Motion for Judicial Review of Final Decision of the Commissioner of Social Security be filed by January 27, 2023. ECF No. 23. On January 3, 2023, the parties filed a Joint Motion to Remand to Social Security Administration. ECF No. 26. On January 3, 2023, the Court granted the motion and remanded the matter back to the Commissioner for further administrative proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). ECF No. 27. A Clerk's Judgment was entered the same day. ECF No. 28. On remand, the Commissioner awarded Plaintiff $92,496.00 in total past due benefits. ECF No. 34-1 at 2; ECF No. 34-3. On April 27, 2023, the Court awarded Plaintiff $5,582.45 in attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). ECF No. 32.

In the instant motion, Plaintiff's counsel seeks an order awarding Olinsky Law Group[1] (Plaintiff's counsel) attorney fees in the amount of $13,924.00 for representing Plaintiff in this action, offset by the $5,582.45 in EAJA fees awarded by the Court, for a net award of $8,341.55. ECF No. 34-1 at 2–3; *see id*. at 3 ("Petitioner asks this Court to authorize and award 406(b) attorney's fees of $13,924.00. Upon receipt of payment, Plaintiff's counsel shall refund the EAJA award in the amount of $5,582.45 to [Plaintiff]"). Plaintiff did not oppose her counsel's request. The Commissioner has taken no position on the reasonableness of counsel's request. ECF No. 40 at 3 ("The Commissioner has given substantive consideration to the merits of the Motion for § 406(b) fees and found no basis to object. … the Commissioner neither supports nor opposes Counsel's request for attorney[] fees").

---

[1] The Court notes that the attorney who filed the instant motion, Melissa A. Palmer, is not listed as an attorney who worked on this matter via the detailed time records submitted. ECF Nos. 34-4, 34-5. Instead, Stuart Barasch, Howard Olinsky, Alex Hobaica, Christopher Milliman, and Daniel Brady were the attorneys who handled the case. *Id*. Hence, instead of the award being addressed to Ms. Palmer, counsel instead requests the check be made payable to "Olinsky Law Group." ECF No. 34-1 at 4.

## II. LEGAL STANDARD

"Under 42 U.S.C. § 406(b), a court entering judgment in favor of [a social security] claimant who was represented by an attorney 'may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.'" *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (quoting 42 U.S.C. § 406(b)(1)(A)). "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable[2] for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

"[A] district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee agreements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness[.]'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). When determining reasonableness of the fee award, courts must consider "whether the amount need be reduced, not whether the loadstar amount should be enhanced." *Crawford*, 586 F.3d at 1149. While there is not a definitive list of factors, courts should consider "the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808.

//

---

[2] The Court notes that the lodestar calculation does not apply to the instant motion. *See Gisbrecht*, 535 U.S. at 802 (explaining that the lodestar method is applicable to "disputes over the amount of fees properly shifted to the loser in the litigation" whereas "Section 406(b) is of another genre: [i]t authorizes fees payable from the successful party's recovery"); *see also Crawford*, 586 F.3d at 1148 ("SSDI attorney[] fees, in contrast, are not shifted. They are paid from the award of past-due benefits and the amount of the fee, up to 25% of past-due benefits, is based on the agreement between the attorney and the client."); *see, e.g.*, *Shultz v. Comm'r of Soc. Sec.*, No. 17cv1823-CAB-MDD, 2020 U.S. Dist. LEXIS 147006, at *3–*4 (S.D. Cal. Aug. 14, 2020) (not applying the lodestar calculation, when the motion was not opposed by the Commissioner or plaintiff); *Berry v. Saul*, No. 16cv1700-MMA-AGS, 2019 WL 6467807 at *2 n.2 (S.D. Cal. Dec. 2, 2019) (same).

"The court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151.

Finally, "an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the … EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 796.

### III. DISCUSSION

On January 21, 2022, Plaintiff and Olinsky Law Group entered into a Social Security Appeal Federal Court Fee Agreement ("Agreement"). ECF No. 34-2. Pursuant to the Agreement, Plaintiff agreed to pay counsel a contingency-fee of up to 25% of past-due benefits awarded by the Commissioner. *Id.*[3] The administrative proceedings became final on September 16, 2025, when the Social Security Administration issued its Notice of Award. *See* ECF No. 34-3 at 1. Plaintiff's counsel seeks a total award of $13,924.00 in attorney fees and bases this fee on 25% of the net payable past due benefits, after the $9,200.00 awarded to the hearing level representative is subtracted. ECF No. 34-1 at 2.[4] Counsel suggests that the amount sought in the instant motion is reasonable considering the services expended and results achieved. *Id.* at 2 ("Petitioner's win of a remand hearing from this Court has resulted in a finding establishing that Plaintiff is disabled, and therefore eligible for benefits"). Additionally, if granted by the Court, this award would then be further reduced by the $5,582.45 that has already been received in attorney fees under the EAJA. *Id.* at 3.

//

---

[3] As an initial matter, the Court notes that the contingency fee agreement between Plaintiff and his counsel is within the statutory ceiling. *Compare* 42 U.S.C. § 406(b)(1)(A) *with* ECF No. 34-2.

[4] Twenty-five percent of $92,496.00 is $23,124.00. The hearing level representative received $9,200.00; and $23,124.00 minus $9,200.00 equals $13,924.00.

Upon careful review of the documents submitted, and the applicable law, the Court finds that counsel's fee request is reasonable. Plaintiff's counsel and paralegal expended 27.8 hours on this case, which the Court reduced to 26.1 hours.[5] *Id*. at 3; *see* ECF No. 32 at 9. The *de facto* hourly rate is $630.28,[6] which falls on the low end of the range that has been approved by courts in similar cases, including in this district. *See Crawford*, 586 F.3d at 1153 (approving *de facto* hourly rates of $519, $875, and $902 in 2009); *Patrick S.*, 2025 WL 642012, at *2 (approving *de facto* hourly rate of $770.35); *Sergio C.*, 2023 WL 4240715, at *2 (approving *de facto* hourly rate of $681.66); *Reddick v. Berryhill*, No. 16cv29-BTM-BLM, 2019 WL 1112080, at *2–*3 (S.D. Cal. Mar. 11, 2019) (collecting cases and approving *de facto* hourly rate of $1,080.26); *Kikkert v. Berryhill*, No. 14cv1725-MMA-JMA, 2018 WL 3617268, at *2 (S.D. Cal. July 30, 2018) (approving *de facto* hourly

---

[5] While every case is different, the amount of time spent on this case—27.8 hours, comprised of 21.4 hours of attorney work and 6.4 hours of paralegal work—is similar to other cases. *See Patrick S. v. Dudek*, No. 23-cv-480-AHG, 2025 WL 642012, at *2 (S.D. Cal. Feb. 26, 2025) (finding that 24.97 hours billed by plaintiff's counsel and 3.7 hours billed by a paralegal a reasonable number of hours); *Sergio C. v. Kijakazi*, No. 20-cv-2270-AHG, 2023 WL 4240715, at *2 (S.D. Cal. June 27, 2023) (finding that 20.59 hours billed by plaintiff's counsel and 8.75 hours billed by a paralegal a reasonable number of hours); *Krebs v. Berryhill*, No. 16-cv-3096-JLS-BGS, 2018 WL 3064346, at *2 (S.D. Cal. June 21, 2018) (finding that 21.7 hours billed by plaintiff's counsel and 3.5 hours billed by a paralegal a reasonable number of hours); *see also Costa v. Comm'r of Soc. Sec.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (noting "[m]any district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases"). However, the Court notes that it has already ruled, in its order on the EAJA fee request, that the 21.4 hours of attorney work and 6.4 hours of paralegal work ***in this case*** were not reasonable. ECF No. 32 at 4–6 (deducting 0.3 hours of clerical attorney work, 0.7 hours of clerical paralegal work, and 0.7 hours of duplicative paralegal work). As stated in its prior Order, the Court finds that 21.1 hours of attorney time and 5 hours of paralegal time were reasonable in this matter. *Id*. at 4–6, 9. The Court will therefore analyze the instant fee request using these reduced figures instead.

[6] Here, the *de facto* hourly rate is calculated by subtracting the paralegal fee ($125.00 x 5 hours = $625.00) from the total $13,924.00 fee requested ($13,924.00 – $625.00 = $13,299.00), and dividing by 21.1 hours of attorney time.

rate of $943.55); *Likens v. Colvin*, No. 11-cv-0407-LAB-BGS, 2014 WL 6810657, at *2 (S.D. Cal. Dec. 2, 2014) (approving *de facto* hourly rate of $666.68).

Moreover, "the Court finds that Plaintiff's counsel assumed a substantial risk of not recovering attorney[] fees. At the time that Plaintiff and h[er] counsel signed the contingency fee agreement, Plaintiff had an unfavorable ruling from the ALJ and had just filed this action for judicial review." *Shultz*, 2020 U.S. Dist. LEXIS 147006, at *5–6; *see also Moreno v. Berryhill*, No. 13-cv-8492-PLA, 2018 WL 3490777, at *3 (C.D. Cal. July 19, 2018) ("[c]ounsel assumed the risk of nonpayment inherent in a contingency agreement, [and] the fee does not exceed … the 25 percent statutory cap[.]").

Plaintiff's counsel has also submitted a billing statement detailing the work performed to litigate this case in federal court. ECF Nos. 34-4, 34-5, 34-6. There is nothing in the record to suggest substandard performance by counsel, or that counsel delayed this litigation in order to amass more in potential fees. As a result of counsel's work, Plaintiff received a favorable outcome and a significant award of past-due benefits. Thus, none of the factors outlined in *Gisbrecht* favor reducing the fee award, and the Court concludes that counsel's request for attorney fees is reasonable and that it does not constitute a "windfall" to Plaintiff's counsel. *See Gisbrecht*, 535 U.S. at 808.

### IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's counsel's motion for attorney fees pursuant to 42 U.S.C. §406(b). ECF No. 34. The Court **AWARDS** Olinsky Law Group § 406(b) attorney fees in the amount of $13,924.00.

As discussed above, Olinsky Law Group previously received an EAJA fee award of $5,582.45, (*see* ECF No. 32), and "an EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 796 (internal alterations omitted). Accordingly, the Commissioner is **DIRECTED** to certify payment of a fee award of **$13,924.00**, made payable to the Olinsky Law Group, and delivered to Olinsky Law Group, 250 S. Clinton

St., Ste 210, Syracuse, NY 13202, out of Plaintiff's past-due benefits in accordance with agency policy. The Court further **ORDERS** Plaintiff's counsel to **refund** Plaintiff **$5,582.45** as an offset for the EAJA fees previously awarded.

**IT IS SO ORDERED**.

Dated:  January 13, 2026

_____
Honorable Allison H. Goddard
United States Magistrate Judge